assured there was no one at work overhead; that the workmen engaged on the upper floor had gone for the day. Upon this assurance of safety he continued his work, and while at work received the injury. The appellant only claims that the injury was caused by the negligence of a fellow servant, but he fails to note that the plaintiff had an absolute assurance of his safety, and thus the defendant is liable. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

(53 Misc. Rep. 290)

GLAZER et al. v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Term. March 14, 1907.)

1. CARRIERS—DELIVERY OF SHIPMENT—DELIVERY TO CONNECTING CARRIER.
    Where a bill of lading authorized the initial carrier to deliver the shipment to another carrier, if the destination were not on the initial carrier's line, the initial carrier was not liable for loss of the goods after delivery by it to a connecting carrier.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 780.]
2. SAME—ACTION FOR LOSS OF GOODS—EVIDENCE—SUFFICIENCY.
    In an action against an initial carrier for the loss of a shipment, evidence held sufficient to show that the goods had been delivered by defendant to a connecting carrier.

Appeal from City Court of New York, Trial Term.

Action by Frank Glazer and another against the Old Dominion Steamship Company. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Owen & Sturges (Frank D. Sturges, of counsel), for appellant.
Jacob Manheim, for respondents.

DAVIS, J. This action was brought to recover the value of a case of clothing shipped by the plaintiff at New York by defendant's line and consigned to J. L. Lapidus, Denver, Colo. The jury rendered a verdict in plaintiffs' favor, and from the judgment for $413.90, entered thereon, the defendant has appealed. The receipt of the property is admitted by the defendant. From the bill of lading it appears that one case of clothing consigned to J. L. Lapidus, Denver, Colo., was received by the defendant July 18, 1903, to be forwarded on the steamship Jamestown, sailing July 18, 1903. The bill of lading also provided that the defendant might deliver the merchandise to another carrier on the route to the destination, if the destination were not on defendant's own line. The defendant claims to have taken the merchandise to Newport News, Va., and there to have delivered them to the Chesapeake & Ohio Railroad for transportation to Denver. There is practically no dispute in the testimony. It appeared in evidence that Denver was not on the defendant's line, that Newport News was one of the southern terminals of the defendant for goods destined for Denver, Colo., and that the Chesapeake & Ohio Railroad at the time in question

received goods at Newport News for transportation west. If, then, this merchandise was delivered to the Chesapeake & Ohio Railroad by the defendant for shipment to Denver, it was absolved from liability for the loss, and the judgment should have been for the defendant. Article 5 indorsed on bill of lading. See, also, Root v. Railroad, 45 N. Y. 524; Farnsworth v. Railroad, 88 App. Div. 320, 84 N. Y. Supp. 658, cited in Isham v. Railroad Co., 112 App. Div. 612, 615, 98 N. Y. Supp. 609.

To sustain the claim of delivery to the Chesapeake & Ohio Railroad at Newport News, the defendant introduced the testimony of Mr. Trice, taken under a commission. He testified that in July, 1903, he was loading clerk for the Chesapeake & Ohio Railroad Company at their pier No. 6, Newport News, and had occupied that position for about six years. He stated that he had to do with the case of goods in question, and had loaded it in B. & O. car No. 91,440, July 20, 1903. This. witness testified from recollection, refreshed by a memorandum made by him at the time in the usual course of his business as loading clerk. This memorandum was a check mark made by him opposite the name J. L. Lapidus on his loading sheet, a copy of which is in evidence. The witness testified, in effect, that he made the mark as the case was placed on the car No. 91,440. This testimony was uncontradicted, and the witness was in no wise impeached. Nor was any objection taken to any part of his testimony. By reference to the loading bill used by him to refresh his recollection, it clearly appears effective to aid him in that respect. There appear several entries upon this loading bill that might naturally call to the witness' mind the facts testified to by him. The name "J. L. Lapidus" as consignee, the letters "Cs. Clo." as the merchandise consigned, the marks "Jas. 169" as the carrier from whom the railroad received the merchandise, the point of shipment, the destination, the number of the car, and the date of loading doubtless made the refreshing of his recollection comparatively easy. Under the circumstances the learned court might have taken the case from the jury and rendered judgment for the defendant. The jury obviously wholly disregarded the testimony as to the delivery to another carrier at Newport News, and rendered a verdict contrary to the evidence.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.